|! GRISBAUM, Judge.

PROCEDURAL HISTORY

Annette Albert and fourteen other defendants were arrested on February 4, 1994 for violations of La.R.S. 14:106, obscenity. A bill of information was filed March 7, 1994, and a preliminary hearing was held on December 5, 1994. At this hearing, the district court ruled that the State of Louisiana (the State) had failed to establish probable cause for the obscenity charge against the defendants in this case and thus discharged the defendants from their bail obligations on that charge. On February 7, 1995 the State took a writ to this Court, contending that the trial court erred in finding that the evidence presented by the State at the preliminary examination did not show that the conduct charged against the defendants occurred in a “public place or place open to the public view” as is required under the obscenity statute. This Court denied the State’s |gwrit. The Louisiana Supreme Court granted the State’s writ and remanded the matter to this Court “for briefing, argument and opinion.”

FACTS

On February 4, 1994, the Jefferson Parish Sheriffs Office Vice Squad conducted an undercover investigation at DC’s Lounge in Terrytown, Louisiana. A detective had received information that a “private party” was to be held at the lounge in which females would get completely nude.
Upon arriving at the lounge, officers observed that the manager was at the door collecting invitations. The officers also observed that persons without invitations were turned away and not allowed to enter the bar. One officer, Detective Vincent Bosco, entered the lounge and observed females dancing completely nude. Lieutenant Donald DeSalvo testified that the door to the lounge remained shut during the entire show and that the bar continued to sell drinks during the performance.

ANALYSIS

La.R.S. 14:106 prohibits the crime of obscenity, which defined as:
A. The crime of obscenity is the intentional:
*1187 (1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
La.R.S. 14:106(A)(1).
The trial court found that the State failed to carry its burden of proof under the first part of the statute of proving that the exposure of the various parts of the body listed in the statute was done in a public place or a place open to the public view. We agree.
|3The Louisiana Supreme Court, in State v. Walters, 440 So.2d 115 (La.1983), had an opportunity to interpret “public place,” as used in La.R.S. 14:106(A), and found that:
The legislative intent of Act 252 of 1979, which adopted the present broader language, was made very clear in the Act’s title, which states that the purpose of the amendment was “to include within the scope of the statute obscenity which takes place in any enclosed or unenclosed area operated to receive or accommodate the public or people at large.”
Id. at 120 (emphasis as found in the original and supplied). The supreme court in Walters further found that the establishment in question was a public place in that “[n]o special credentials were required to en-ter_” Id. at 120.
In the ease at hand, the public at large was not allowed access into DC’s Lounge. A special credential, the invitation, was required to get in. The officer’s testimony indicated that those persons without an invitation were denied entry to the club. Further, the officer testified that the door to the club remained shut during the entire performance. Thus, at the time of the all-nude performance, the lounge was not operating as a public place, since the club was not open to the public at large, but, rather, required presentation of an invitation to gain admittance.
For the foregoing reasons, the writ is denied.

WRIT DENIED.

CANNELLA, J., dissents.